Common Pleas Court of Hamilton County.

LAURA B. EASTON V. CLARENCE WITTEKIND.

Decided December 4, 1929.

*Moulinier, Bettman & Hunt,* for plaintiff.
*Pott, Stockmeier, Kruse & Baker,* for defendant.

RYAN, J.

It appears from the agreed statement of this case that the plaintiff, Laura B. Easton, is the owner of a certain parcel of real estate on Innes avenue, Hamilton county, Ohio. On the 29th day of May, 1928, the plaintiff and the defendant entered into a written agreement whereby the defendant agreed to construct a dwelling house on certain property located on Wittekind Terrace in Cincinnati, and to accept as part payment therefor the premises owned by the plaintiff, the title of which was to be free, clear and unincumbered. The plaintiff is willing to make conveyance pursuant to, and in accordance with the terms of the contract, and defendant has refused to accept the conveyance on the ground that the title to the premises which would be conveyed by plaintiff, would not be free, clear and unincumbered.

The following are the facts concerning the title on which the controversy between the plaintiff and defendant is based:

In 1920 the said real estate was owned by Fannie Tannian, who died testate on June 15, 1920, leaving as her only heir at law and next of kin, Thomas Tannian Oyler, a grandchild then six years of age. Her will was duly probated and, in accordance with Item 12 thereof, Scott S. Oyler, father of said Thomas Tannian Oyler, was duly appointed by the Probate Court of Hamilton county, as Executor without bond. The said estate was duly and fully administered and closed, and the final account of the Executor was allowed and confirmed on October 25, 1922.

Item 11 of said will, being the residuary clause, bequeathed and devised all of the residue of the estate of said testatrix, which included the real estate which is the subject of this controversy, to said Thomas Tannian Oyler. On October 11, 1921, the said Scott S. Oyler was, by the Probate Court of Hamilton county, Ohio, appointed Guardian of the estate of said Thomas Tannian Oyler with bond fixed and sureties approved by the court, being estate No. 90314 of that court. On October 13, 1921, the said Scott S. Oyler as Guardian of Thomas Tannian Oyler, filed

a petition in the Probate Court of Hamilton county, being sale case No. 9164, for the sale of said premises and other properties. Proceedings in said sale case were regular in every respect, and on January 15, 1923, the said Probate Court in said proceedings decreed a sale of said premises and in pursuance of said decree, and in full accordance with its terms and conditions, said Scott S. Oyler as Guardian of the estate of Thomas Tannian Oyler, sold the same to Marie Gastl. On January 26, 1923, and upon the report of said sale to the Probate Court, said court confirmed the same and ordered the execution and delivery of the deed by the Guardian to the purchaser, said deed being duly transferred and recorded in Deed Book 1329, page 9 of the Hamilton County Records.

The said Scott S. Oyler died in April, 1926, and in the aforesaid Guardianship proceeding, No. 90,314 in the Probate Court, an entry was made on April 14, 1926, suggesting the death of the Guardian Scott S. Oyler, and on May 21, 1926, the account of the said deceased Guardian was filed in said Guardianship administration in the Probate Court. The said account included an accounting for, that is, included the receipt of the proceeds of the sale made as aforesaid, by said Scott S. Oyler, Guardian, in the aforesaid sale case, corresponding with the decree of the Probate Court, the report of the sale and the confirmation of the sale in said case. The said account of said deceased Guardian was allowed and confirmed by the said Probate Court on June 30, 1926.

The plaintiff's title is derived through said Marie Gastl, the purchaser aforesaid. The parties present the submission of the above case to this court and pray that this court hear and determine the case and render judgment, and plaintiff prays that judgment be decreed for specific performance finding that the deed to said real estate from the plaintiff and tendered by the plaintiff, will convey a free, clear and unincumbered title, and ordering the defendant to accept such deed in accordance with the written contract between the parties, and for all other proper and equitable relief.

It is claimed by the defendant that the plaintiff cannot convey a free, clear and unincumbered title; that the proceeding by Scott S. Oyler as Guardian is a mere nullity for the reason that he was ineligible for appointment as Guardian under the provision of General Code, Section 10917, which provides as follows:

"No person who is or has been an administrator, or executor of a last will, shall, prior to the approval of his final account as such executor or administrator, be appointed a guardian of the person and estate or of the estate only of a minor who is interested in the estate administered upon or entitled to an interest under or by virtue of such will. But an executor or an administrator may be appointed a guardian of the person only of a minor."

Upon consideration of the authorities this court is of the opinion that where the appointment of a guardian has been made without fraud on the part of those concerned therein, and the guardian has proceeded to sell, under the direction of the Probate Court, the real estate of a minor, and where the purchaser thereof has in good faith paid the purchase money, and has entered upon the premises, and his successor in title has improved the land, that the order appointing the guardian and the decree of confirmation of the sale, cannot be treated as a mere nullity. While the guardian might have been removed by Probate action in the guardianship proceedings, his appointment and the sale made by him as guardian under the order of the Probate Court, and the decree and confirmation was of full force and effect; that the title of the plaintiff being that of a *bona fide* purchaser for value is valid and immune from collateral attack.

Wherefore, the decree will be entered finding that the deed for said real property from the plaintiff and tendered by the plaintiff, will convey a free, clear and unincumbered title to the defendant, ordering specific performance requiring the defendant to accept said deed pursuant to said contract, and further ordering that the costs of this proceeding be equally divided between the parties.